UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SIDNEY ABUSCH, ET AL.                                          CIVIL ACTION

VERSUS                                                                   NO. 13-2529

UNITED STATES OF AMERICA                                 SECTION "R" (3)

REPORT AND RECOMMENDATION

On September 18, 2013, the United States of America's Motion to Dismiss [Doc. #6] came on for oral hearing before the undersigned. Present were Sidney Abusch *pro se* and Andre Lagarde on behalf of the United States of America. After the oral hearing, the Court took the motion under advisement. Having reviewed the motion, the opposition and the case law, the Court rules as follows.

I.      Background

Petitioner, Sidney Abusch ("Abusch"), is the subject of an ongoing investigation by the Internal Revenue Service ("IRS") as to his tax liabilities for Tax Years 2008, 2009, and 2010. In connection with same, the United States brought a summons enforcement matter. *See United States of America v. Abusch*, E.D. La., Civ. A. No. 13-2367. In connection with the investigation, Revenue Agent Denise Adams issued multiple third-party summonses. With respect to four specific summonses issued to financial institutions on May 1, 2013, Abusch filed a Petition to Quash Summonses pursuant to 26 U.S.C. § 7609, *et seq.* Petitioner seeks to quash summonses to Citibank,

N.A., Capital One Bank, JP Morgan Chase Bank, N.A. and Bank of America, N.A.

Petitioner contends that the summonses are overbroad in that they seek documents for Tax Years 2006 and 2007. Petitioner maintains that such years are "closed years" given the three-year statute of limitations. Petitioner thus argues that the summonses constitute an unreasonable search and seizure under the Fourth Amendment.

## II.     Law and Analysis

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of an action if the Court lacks jurisdiction over the subject matter of the plaintiff's claim. Motions submitted under Rule 12(b)(1) allow a party to challenge the Court's subject-matter jurisdiction based on the allegations on the face of the complaint. *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *see also Lopez v. City of Dallas*, No. 03–2223, 2006 WL 1450420, at *2 (N.D. Tex. May 24, 2006). In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera–Montenegro*, 74 F.3d at 659. Further, the plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When examining a factual challenge to subject-matter jurisdiction that does not implicate the merits of a plaintiff's cause of action, the Court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *see also Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). Accordingly, the Court may consider matters outside the pleadings, such as testimony and affidavits. *See Garcia*,

104 F.3d at 1261.

Petitioner contends that jurisdiction is grounded under 26 U.S.C. § 7609(h). But the government argues that petitioner fails to recognize the limited nature of jurisdiction under Section 7609(h). In *Williams v. United States*, the Fifth Circuit held:

> As part of an IRS investigation into the Williamses' federal income tax liability, the IRS sent third-party summonses to Wells Fargo and Aurora requesting information relating to the Williamses' financial dealings with the two institutions. The summonses were sent, respectively, to locations in Oregon and Nebraska. The Williamses filed a petition to quash the summonses in the Northern District of Texas, the district in which they reside.
> The district court dismissed the petition for lack of subject matter jurisdiction, relying on two, almost factually-identical circuit precedents. *See Deal v. United States*, 759 F.2d 442 (5th Cir. 1985); *Masat v. United States*, 745 F.2d 985 (5th Cir. 1984). *Deal* and *Masat* concerned taxpayer challenges to IRS third-party summonses. Both affirmed dismissals for lack of subject matter jurisdiction, reasoning that the Internal Revenue Code vests jurisdiction over such challenges in the district court where the third-party resides. *See* 26 U.S.C. § 7609(h)(1) ("The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g)."); *Deal*, 759 F.2d at 444 (holding that *Masat* "precluded" the taxpayer's appeal and that jurisdiction was "exclusively in the district where the third-party record keepers reside"); *Masat*, 745 F.2d at 986, 988.

453 Fed. Appx. 532, 5332011 WL 6259889, *1 (5th Cir. Dec. 15, 2011). The Fifth Circuit ultimately upheld the dismissal of the Williamses' petitions to quash. *Id.*

*Williams*, *Deal* and *Masat* control here. The summonses to the four aforementioned banks were sent to Richmond, Virginia, Long Island City, New York, Baton Rouge, Louisiana and Utica, New York. Petitioner is therefore required to file any appropriate petition to quash in the federal districts that encompass those locations. This Court – under clear and explicit precedent – has no subject-matter jurisdiction over the petition.

### III.    Conclusion

Fore the foregoing reasons,

**IT IS RECOMMENDED** that the United States of America's Motion to Dismiss [Doc. #6] be GRANTED and that Abusch's petition be DISMISSED WITHOUT PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 21st day of October, 2013.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**